IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL GUSSIE VICTOR, | § | |
| TDCJ-CID No. 1442041, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-08-3506 |
| RICK THALER,[1] | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

        Petitioner Paul Gussie Victor, a state inmate, seeks federal habeas relief pursuant to 28 U.S.C. § 2254, from his conviction for aggravated assault with a deadly weapon, enhanced by one prior conviction. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.12), to which petitioner has filed a response. (Docket Entry No.15). After considering the pleadings and the entire record, the Court will grant respondent's summary judgment motion and deny petitioner federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

        On October 6, 2009, petitioner was indicted on a charge of aggravated assault with a deadly weapon, enhanced by two prior convictions. (Docket Entry No.7-4, page 6). On June 1, 2007, petitioner entered a negotiated plea of guilty to aggravated assault with a deadly weapon and a plea of true to one enhancement paragraph. (Docket Entry No.7-2, page 15). The State waived the second enhancement paragraph. (*Id.*). After petitioner executed the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, and the written Plea Admonishments (*Id.*, pages 10-11), the state district judge sentenced petitioner in cause number

---

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

1

1080633 to fifteen years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division. (*Id.*, page 15). The state district court did not certify petitioner's right to appeal because his plea was negotiated. (*Id.*, page 16).

Petitioner did not file a direct appeal. Petitioner filed a state habeas application on May 2, 2008, seeking relief on grounds that his plea was involuntary and his sentence void because his trial counsel rendered ineffective assistance by failing to investigate the facts of the case, failing to discover that the complainant had refused to testify at trial, and by informing petitioner that he could receive a sentence of 99 years or life if the case proceeded to trial. (Docket Entry No.7, pages 8-17). The state district court, sitting as a habeas court, recommended that relief be denied. (Docket Entry No.7-5, pages 8-10). On October 22, 2008, the Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing. (Docket Entry No.7, page 3).

In the pending action, petitioner seeks federal habeas relief on grounds that his plea was involuntary because his trial counsel failed to prepare for trial, informed him that if he went to trial he would be subject to a punishment range of 25-99 years or life, and failed to investigate and discover that the complainant had recanted and was willing to make a non-prosecution affidavit. (Docket Entry No.1). Respondent moves for summary judgment on grounds that petitioner's second claim is unexhausted and procedurally barred, and his other claims are without merit. (Docket Entry No.12).

II. DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the

2

burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order on the trial court's findings without a hearing. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) provides that this Court shall not grant relief unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be

4

more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Under the AEDPA, the petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams*, 529 U.S. 362. While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Respondent contends that petitioner's claim that his trial counsel's misstatement of the range of punishment rendered his plea involuntary is un-exhausted and procedurally barred. (Docket Entry No.12). Petitioner concedes that he has not exhausted such claim and requests the Court to dismiss the claim. Accordingly, petitioner's claim that his plea was involuntary due to his trial counsel's misstatement of the range of punishment is DISMISSED.

Respondent also moves for summary judgment on the ground that petitioner's has failed to meet the burden of proof under the AEDPA and alternatively, that his plea was both knowing and voluntary. (Docket Entry No.12).

"To be valid, a guilty plea must be voluntary, knowing and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. *Washington*, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

Petitioner does not claim that he did not receive real notice of the true nature of the charge against him, that he did not understand the charge against him or constitutional protections that he waived, or that he was induced or coerced by the State in any way to enter a

6

guilty plea. Petitioner contends that he entered a guilty plea because his trial counsel did not prepare for trial and did not discover that complainant had recanted and was willing to make a non-prosecution affidavit. (Docket Entries No.1, No.15). Petitioner claims that had he known that complainant had recanted and did not intend to testify, he would not have entered a guilty plea. (*Id.*).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id*. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings below except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also U.S. v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)

(quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The record in this case belies petitioner's complaint of ineffective assistance of counsel by his trial attorney. Petitioner executed a judicial confession and written admonishments, wherein he indicated that he understood the nature of the charges, the punishment range and the consequences of his plea. (Docket Entry No.7-5, pages 15-17). He initialed a paragraph in the admonishments that he was mentally competent, that he understood the nature of the charges against him, and that his plea was freely, knowingly, and voluntarily entered. (*Id.*, page 17). Petitioner further acknowledged in the written admonishments that trial counsel provided fully effective and competent representation and that he was "totally satisfied" with counsel's representation. (*Id.*). Such attestation carries a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Petitioner's trial counsel Brian D. Coyne attested by affidavit in state habeas proceedings that he read the prosecutor's file, examined all evidence held by the prosecutor, and

8

researched the law applicable to petitioner's case. (Docket Entry No.7-2, page 21). Coyne attested that he talked to all the witnesses, including complainant and petitioner. (*Id*.). Petitioner did not deny his conduct and the complainant, petitioner's father-in-law, indicated that he intended to testify against petitioner and was present in the courtroom to do so. (*Id*.). Coyne attested that he discussed possible defenses with petitioner numerous times. (*Id*.). He further claims that he and petitioner also discussed pleading guilty because petitioner was guilty. (*Id*., page 22). Coyne attested that petitioner accepted the plea offer of fifteen years confinement to avoid a minimum mandatory sentence of twenty-five years if convicted as a habitual criminal. (*Id*.).

The state district court, sitting as a habeas court, found that the facts asserted in Coyne's affidavit were true and entered findings of facts. (Docket Entry No.7-5, page 9). The state habeas court found that Coyne interviewed complainant and determined he was in the courtroom and willing to testify against petitioner. (*Id*.). Coyne informed petitioner of the same. (*Id*.). Coyne also informed petitioner of the State's plea offer. (*Id*.). The state habeas courts concluded that "the totality of the representation afforded Applicant was sufficient to protect his right to reasonable effective assistance of counsel" and that his guilty plea was knowingly and voluntarily entered. (*Id*.). The state habeas court recommended that relief be denied. (*Id*., page 10). The Texas Court of Criminal Appeals denied relief on these findings. (Docket Entry No.7, page 3).

Petitioner has attached to his response to the motion for summary judgment the affidavit of complainant James Walker, who attests that Attorney Coyne did not contact him at any time before, during, or after the trial. (Docket Entry No.15, page 14). Walker attests that he was present in the courtroom on February 2, 2007, because he had been subpoenaed to appear;

he further attests that he informed the Harris County District Attorney's Office that he did not wish to prosecute and did not wish to testify. (*Id*.). He does not attest that he recanted the allegations against petitioner or that petitioner did not commit the crime. The affidavit is dated April 30, 2009, and presumably has not been presented to the Texas Courts. (*Id.*, page 15). Petitioner contends that had he known that Walker did not intend to testify, he would not have entered a guilty plea. (Docket Entries No.1, No.15).

Although Walker's attestations create a fact question as to whether Coyne talked with complainant and whether complainant expressed his desire to testify against petitioner, Walker's attestations do not contravene the record wherein petitioner waived his rights, judicially confessed, and entered a plea, in which he stated that he was entering such plea because he was guilty. Walker's willingness to testify or prosecute the case against petitioner relates to the strength of the State's case against petitioner, which the Fifth Circuit has found to be insufficient to render a plea involuntary. "[T]he decision whether to plead guilty or go to trial is one made under circumstances of incomplete and often inaccurate information." *Matthew*, 201 F.3d at 368 (citing *McMann*, 397 U.S. at 769). "Mistakes in calculating the strength of the state's case have been declared insufficient to render the plea unintelligent or involuntary." *Id*. at 369.

The totality of the circumstances in this case reflects that petitioner had a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea. Petitioner has not overcome the presumption of verity accorded solemn declarations made in open court nor rebutted the findings and conclusions of the state habeas courts. Based on this record, the Court finds that petitioner has

failed to show his entitlement to relief under the AEDPA standard with respect to his claim of an involuntary plea and his trial counsel's representation.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record, the Court ORDERS the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No.12) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. This habeas action is DISMISSED with prejudice.

5. All pending motions are DENIED as moot.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 5th day of March, 2010.

                                    MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE